**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MITCHELL TY MAY**                                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 4:08-cv-52-HTW-LRA**

**L.C.D.F. MEDICAL, et al.**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On June 2, 2008, an order was entered directing the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with this Court's order. The Plaintiff was warned that his failure to timely comply with a court order may result in the dismissal of this case.

On August 4, 2008, an order [4] was entered directing Plaintiff to show cause on or before August 19, 2008, why this case should not be dismissed for his failure to comply with the Court's June 2, 2008 order. In addition, Plaintiff was directed to comply with the order by filing the required documentation. The Plaintiff was warned in this Court's order of August 4, 2008, that failure to timely comply with the requirements of the order may lead to the dismissal of his case, without further notice. The Plaintiff failed to comply with this order.

On September 2, 2008, a second order [5] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of June 2, 2008 and August 4, 2008. Plaintiff was directed to file his response on or before September

17, 2008.  In addition, Plaintiff was directed to comply with the Court's original order by filing the required documentation, on or before September 17, 2008.  The Plaintiff  was warned in this Court's order of September 2, 2008, that failure to timely comply with the requirements of the order would result in the dismissal of his case, without further notice.

Plaintiff has failed to comply with three Court orders.   It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion

and Order will be entered.

      SO ORDERED, this the 23rd day of October, 2008.

                                      s/ HENRY T. WINGATE
                                      CHIEF UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order Dismissing
  the Plaintiff's Complaint
Civil Action No. 4:08-cv-52 HTW-LRA